UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA DIAS<br>on behalf of herself and all<br>others similarly situated<br><br>       Plaintiffs,<br><br>v.<br><br>GENESCO, INC. and<br>HAT WORLD, INC. d/b/a, LIDS<br><br>       Defendants. | Dkt. No. _____ |

## NOTICE OF REMOVAL

**TO:  The Judges of the United States District Court
       For the District of Massachusetts**

Defendants, GENESCO, INC. ("Genesco") and HAT WORLD, INC. d/b/a LIDS ("Hat World") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Notice of Removal ("Notice") of the action pending in Massachusetts Superior Court in Bristol County, Massachusetts. In support of this Notice, Defendants state as follows:

### BACKGROUND AND TIMELINESS OF REMOVAL

1. Plaintiff, LINDSEY DIAS ("Dias"), commenced an action against Defendants in in Bristol County Superior Court, Case No. 1873-cv-00217c. All pleadings and papers that have been filed and served in that action are attached to this Notice as Exhibit A.

2. Defendants were served with the Complaint on March 20, 2018, and, therefore, this notice is timely filed within 30 days of Defendants' receipt of the Complaint, as required under 28 U.S.C. § 1446(b)(1). No further proceedings have been held herein, nor have any other pleadings or papers been filed other than those attached hereto as Exhibit A other than the return of service.

## **GROUNDS FOR REMOVAL – 28 U.S.C. § 1332(a)(1)**

**I.     Diversity of Citizenship**

3.     As alleged in the Complaint, Dias is an individual and a citizen of the Commonwealth of Massachusetts.  *See* Complaint, ¶ 4.

4.     Genesco is a Tennessee corporation with its principal place of business in Tennessee.  As a result, Genesco is not a citizen of the Commonwealth of Massachusetts.

5.     Hat World is a Minnesota corporation with its principal place of business in Indiana.  As a result, Hat World is not a citizen of the Commonwealth of Massachusetts.

6.     Based on the foregoing, complete diversity exists in this matter as to Dias and Defendants, and removal is proper under 28 U.S.C. §§ 1332 and 1441(a) and (b).

**II.    Amount in Controversy**

7.     Defendants own and operate a chain of "Lids" retail locations across the country.  Dias previously worked as a Store Manager at a Lids retail location in North Attleboro, Massachusetts.  *See* Complaint, ¶ 4.  Dias brings the current action for damages pursuant to the Massachusetts Overtime Law, M.G.L. c. 151, § 1A.  More specifically, Dias seeks to recover, on behalf of herself and all other individuals who worked as Store Managers at any Lids location in Massachusetts during the relevant liability period: (1) "all overtime compensation that Defendants failed to pay to the class members;" (2) "[a] reasonable incentive award" for herself; (3) "[s]tatutory trebling of all damages;" (4) "pre- and post-judgment interest;" and (5) "attorneys' fees and costs."  *See* Complaint, Request for Relief.

8.     Dias seeks actual damages, treble damages and reasonable attorneys' fees and costs provided under the Massachusetts Overtime Law.  M.G.L. c. 151, § 1B (explaining that employees denied overtime pay "shall be awarded treble damages, as liquidated damages, for

lost overtime compensation and shall also be awarded the costs of the litigation and reasonable attorneys' fees" (emphasis added)). Dias also seeks an "incentive award" for her service as the named plaintiff in a putative class action. Based on the relief being sought, the amount in controversy exceeds the jurisdictional threshold of $75,000.00. *See Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013); *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 145-6 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

9. In the event that Dias seeks to remand this case or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence regarding the amount in controversy as may be necessary.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

10. Based on the above, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it appears from the Complaint and otherwise that this is an action between citizens of different states; the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and no defendant is a citizen of the Commonwealth of Massachusetts.

11. This action was originally brought in Bristol County, Massachusetts, which is located within the District of Massachusetts, Boston Division. Therefore, venue is proper because the action is being removed to the district court of the United States for the "district and division embracing the place where such action is pending" or should be pending, as required by 28 U.S.C. § 1441(a).

12. Defendants will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal in Massachusetts Superior Court in Bristol County.

13. By filing this Notice of Removal, Defendants do not waive and expressly reserve all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, service of process, right to compel arbitration, and personal jurisdiction.

**WHEREFORE**, Defendants request that the above-described action now pending in the Bristol Superior Court in the Commonwealth of Massachusetts be removed therefrom to this Court.

Dated: April 9, 2018

Respectfully submitted,

 */s/ Timothy J. O'Brien*
Timothy J. O'Brien, Esq. (Bar No. 542330)
Tyler J. Smith, Esq. (Bar No. 676021)
Attorneys for Defendants
Libby O'Brien Kingsley & Champion, LLC
62 Portland Road, Suite 17
Kennebunk, ME  04043
(207) 985-1815

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY I, Timothy J. O'Brien, hereby certify that I electronically filed the with the Clerk of Court using the CM/ECF system which caused a copy of this document to be served electronically on all registered counsel of record and that on that on April 9, 2018, a true and correct copy of the foregoing was sent via e-mail to the following:

    Hillary Schwab, Esq.
    hillary@fairworklaw.com
    Brant Casavant, Esq.
    brant@fairworklaw.com
    Fair Work P.C.
    192 South Street, Suite 450
    Boston, Massachusetts 02111

                      Respectfully submitted,

                      */s/ Timothy J. O'Brien*
                      Timothy J. O'Brien, Esq. (Bar No. 542330)
                      Tyler J. Smith, Esq. (Bar No. 676021)
                      Attorneys for Defendants
                      Libby O'Brien Kingsley & Champion, LLC
                      62 Portland Road, Suite 17
                      Kennebunk, ME  04043
                      (207) 985-1815